## EVANS *v.* STATE.*

(Division A.   June 1, 1925.)

[105 So. 502.   No. 24730.]

1. HIGHWAYS. *Proof of district, being placed under provisions of com-·mutation tax statute, necessary on prosecution.*
   On prosecution, under Laws 1920, chapter 276, section 3, for failure to pay commutation road tax provided for by section 2, or perform work in lieu thereof, it must affirmatively appear, in view of section 6, that the supervisors' district, in which prosecution originated, had been placed under the provisions of the act.

2. HIGHWAYS. *Overseer's report, containing name of delinquent, necessary for prosecution.*
   For prosecution for nonperformance of road work or payment of commutation tax under overseer system, under Code 1906, sections 4416, 4417 (Hemingway's Code, sections 7096, 7097) report of the overseer, filed with justice of peace, containing the name of delinquent, is necessary.

---

*Headnotes 1.  Highways, 29 C. J., section 520 (Anno); 2. Highways, 29 C. J., Section 520 (Anno).

APPEAL from circuit court of Jasper county.

HON. W. L. CRANFORD, Judge.

Matt Evans was, on a prosecution originating in justice court, convicted in circuit court for failure to pay tax or do road work, and he appeals.   Reversed and appellant discharged.

*H. L. Finch,* for appellant.

The court erred in admitting over appellant's objection the supposed order of the board of supervisors attempting to levy a road tax and fixing the manner in which it might be worked out.  This is a rather ambiguous order, and it is difficult to determine just what it means.  It certainly does not establish with any degree of definiteness what system of working the public roads

was in vogue in beat 5 of said county, or what was lawfully required of a person in reference to his road duties. Evidently it was an effort on the part of the board of supervisors to adopt a system of working the public roads of beat 5 similar to the method laid down by chapter 276, Laws of 1920; but we respectfully submit that it is not sufficient to show an adoption of that method, or of any other.

Section 6, chapter 276, Laws of 1920, provides and defines specifically what counties or supervisor's districts the chapter applies to, and its application is specifically limited to counties or supervisor's districts operating under chapter 150, Laws of 1910, and amendments thereto, until the board of supervisors shall enter an order on its minutes placing same hereunder, meaning chapter 276, Laws of 1920.

We respectfully submit that nowhere in the record is it shown that Jasper county or supervisors district No. 5 (beat 5) thereof is operating under chapter 150, Laws of 1910, and nowhere is it shown that the board of supervisors has entered an order on its minutes placing the county or beat 5 of the county under the provisions of chapter 276, Laws of 1920.

We earnestly submit that the failure of the state to show by proper orders that the county or the beat in which appellant lived, was operating under chapter 150, Laws of 1910, or an order spread upon its minutes, by the board of supervisors placing it under the operation of chapter 276, Laws of 1920, was fatal to the state's case, and for this reason alone, the motion of appellant to exclude the evidence offered on behalf of the state and discharge of the defendant, should have been sustained.

*F. S. Harmon,* Assistant Attorney-General, for appellee.

It is insisted that a reversal must be had because the order of the board of supervisors levying this commu-

tation tax of five dollars, is defective in not referring to the particular law under which the tax was levied, and the roads of beat 5 were worked.   Counsel states that "so far as we can find chapter 276, Laws of 1920, is the only law authorizing the levying of a commutation tax of five dollars," and that it was necessary for the minutes of the board to show affirmatively that Jasper county chose to come under this law.   The short answer to this contention is that section 7096, Hemingway's Code, as brought forward from the Code of 1906, section 4416, levies a commutation tax of five dollars on all male persons between certain ages.   This section of the Code is one of the foundation stones in our chapter on roads and bridges and in the absence of an affirmative showing that the board of supervisors had chosen to work the road of the county under some later scheme, this statute is applicable.

Other schemes require affirmative action and in the absence of such an affirmative showing that one or more of these schemes has been adopted, the original section of the code, as brought forward from the Code of 1906, has general application, and section 7096 is such a section.   This section was amended by chapter 242, Laws of 1922, but the amendment related only to certain exemptions from road duty on the part of students and teachers and had no relation to this case.

We insist, therefore, that this general statute covers the case at bar, and that it was unnecessary for the order of the board to recite the fact that a commutation tax was levied under this particular section.

COOK, J., delivered the opinion of the court.

The appellant, Matt Evans, was convicted in the circuit court of the First Judicial District of Jasper county on a charge of failing to perform the labor required by law on the public roads for the year 1923, or to pay the commutation tax required by law.   The prosecution originated in a justice of the peace court on an affidavit made by the county tax collector.   Upon the conviction in the

circuit court a fine of five dollars was imposed, from
which judgment this appeal was prosecuted.

It appears from the record that this prosecution is
under chapter 276, Laws of 1920, which provides (section
2) among other things, for a commutation tax of five
dollars and (section 3) that any person, in lieu of this
commutation tax, shall have the right to perform eight
days of work under the road commissioner, provided it
shall be done before the first day of December following
the levy of the same; and further that any person who
fails to perform the required amount of work or to pay
said commutation tax shall be guilty of a misdemeanor
and, on conviction, fined not less than five dollars or
more than twenty-five dollars, and that the tax collector
shall begin prosecutions before the proper justice of
the peace as soon after the 1st day of December as pos-
sible against all persons who have failed to perform the
labor or pay the tax.

Section 6 of the said chapter 276, Laws of 1920, pro-
vides that the provisions of the act shall not apply to
any county or supervisors' district except those operat-
ing under chapter 150, Laws of 1910, and amendments,
until the board of supervisors shall place an order on its
minutes placing the county or district under said act.

There is nothing in this record to show that the super-
visors' district in which this prosecution originated ever
operated under chapter 150, Laws of 1910, and the rec-
ord does not contain any resolution or order of the board
of supervisors placing said district under the provisions
of the Act of 1920. In order to maintain this prosecution
under the provisions of this act, it is necessary that it
shall affirmatively appear that the district had been
placed under the provisions of the act.

Counsel for the state suggests that sections 4416 and
4417, Code of 1906 (sections 7096 and 7097, Hemingway's
Code) which levies a commutation tax of five dollars on
all persons between certain ages, is applicable, and that
the conviction can be sustained under these sections.
These sections provide for the working of public roads

under the overseer system, and under this system the overseer is required to make a list, under oath, of all delinquent road hands and file the same with a justice of the peace of the district, and in *Bishop* v. *State,* 97 Miss. 498, 52 So. 690, it was held that a justice of the peace was without jurisdiction to try a person whose name was not contained in an overseer's report, as such report is the charge against delinquent road hands, and no other affidavit is necessary. No such list was filed in this case, and it is manifest that these sections are not applicable.

The peremptory instruction requested by the defendant in the court below should have been granted, and therefore the judgment will be reversed, and the appellant discharged.

*Reversed, and appellant discharged.*